Keith Snyder versus the Secretary of Veterans Affairs 2009 7102. Mr. Carpenter. May it please the court, Kenneth Carpenter appearing on behalf of Mr. Keith Snyder. Mr. Snyder appeals a decision from the Court of Appeals for Veterans Claims concerning a decision on an EJA application made after he prevailed in his appeal below, actually in his appeal to this decision by the court below that he prevailed for purposes of EJA. The EJA application however was denied on the basis of whether the government was substantially justified. This appeal concerns the interpretation of the meaning or the bases for the substantial justification requirement of that statute. Mr. Snyder asserts that- Mr. Carpenter, why isn't that really a factual determination made at that point? Because the notion that the or the rule of law that was created by the court below was that a issue of first impression constitutes a basis for substantial justification. They didn't rely on first impression determination, did they? There was no reliance on first impression determination? When you say they, you mean the board or the- Anyone among them. Well, actually that was the entire basis for the decision below. The decision below said the issue was one of first impression. Right, but was there reliance on the fact that it was first impression determination? That was the reliance that was made by the Veterans Court for its determination that the government's position at the administrative level was substantially justified. If first impression determination becomes a legal one. If it becomes, that's correct. And the question here is, is can it become? Is an issue of first impression alone sufficient to establish substantial justification on the part of the government? Determination of first impression is what? Legal one or factual one? A legal one. I believe it's a legal one. On what basis? That the court, the reviewing court determines that the issues that are presented of interpretation of this case of two different VA statutes and several different VA regulations were or were not correctly interpreted by the board when they applied them to Mr. Snyder's case before the board. The board said in its decision that the matter was clear based upon the interaction between the two statutes and their corresponding regulations. The court below didn't appear to rest its decision on it being an issue of first impression. It was just a statement of fact. Well, actually it said, your honor, that the secretary's regulation had been consistently and reasonably based that the concept for attorneys is derived from the actual amount paid on behalf of, or excuse me, paid to or on behalf of the veteran as opposed to the amount that might have been awarded absent statutory constraints. That was the issue of first impression. That's what was relied upon by the veterans court to determine that the board had correctly decided that Mr. Snyder was not entitled to the fee that he was clearly entitled to based upon the fact that these statutes, as this court determined in Mr. Snyder's appeal to this court, had two entirely different purposes. I'm confused. I don't understand. But it was based totally on the totality of circumstances analysis. I disagree, your honor. It was not based upon the totality of circumstances. It was based upon the precise legal questions that were presented in this case. And the questions that were presented in this case was how these statutes interacted with one another. And the board held that it was clear. The court below held it was clear because they saw that these statutes interacted. This court said they don't. They serve two entirely different purposes. And the answer was clear on the face of the 5904D provision that told the board and the VA what you got, how you calculated the amount of attorney fees that are due. Did I? Yes, your honor. Well, my question was I was confused by the quote that you read because I actually thought undercut your position. And so, I mean, I guess I'm confused at how you're using it. I thought the Veterans Court was explaining that the VA's position was consistently held and reasonably based on this concept that the attorney's fee is derived from the actual amount paid. I thought that that was really a statement that not only is this a case of first impression, but in addition, the government's position is reasonably based on this concept. And so to me, that sounds like an exposition of multiple reasons why there's substantial justification, not simply an adoption of this is a case to first impression. So how is it that that quote doesn't support how I just seem to interpret it? Because you threw it out there and I was surprised because I thought it didn't help you. I thought it hurt you. So tell me how that quote helps you and doesn't stand for the notion that they made a determination of substantial justification beyond just based on first impression? Because I think what the court did here was that it relied on the litigation position taken by the VA, that these were the correct interpretations of both the statutes involved and the regulations involved. At issue in the question of- And they didn't just rely on it, they said it was reasonably based on the concept that an attorney should get paid for, get paid the actual amount paid on behalf of the should be related. But that was- And that was precisely where the error was made by the board and eventually made by the court below. Because instead of relying on the plain language of the attorney fee statute 5904, which dictated the calculus and mentioned nothing about anything to do with 5313 and incarcerated veterans, it simply said, this is how you calculate the total amount of past due benefit. I understand. You won, or whoever argued it won. The ultimate statute was wrongly construed, but this seems to me to be a fact finding by the veterans court that the VA position was reasonably based on this concept. Whether it was correct or not is not the issue. You won on that issue. It's wrong. They were wrong. But they say it was reasonably based on this concept. They seem to be suggesting that this concept was a reasonable one, albeit wrong and that that would, it seemed to me, be a basis for substantial justification. At the litigation level, as the secretary was called upon to defend the board's decision. Isn't all that a question of fact that I can't get into, whether this was something that appeared only at the litigation level or is in fact a consistently held position by the veterans court? I mean, I can't get into all that. Once I look at this and say that this is not the legal issue based solely on first impression, the rest of it seems to me to be devolving into nothing but fact. Absolutely. And I don't want this court to go into fact. I'm not urging this court to go into fact. What I'm asking this court to do is to establish as a matter of law that the court below, when it deals with the secretary's burden, the government's burden under the aegis statute, to prove or to show substantial justification that it cannot simply point to the fact that this was an issue of first impression. That there must be something more. The board must have relied upon something other than the fact that they concluded that these two statutes intermingled and caused this result. There are several ways for them to do that. The board, in particular, has authority to obtain a binding general counsel's opinion. If they had obtained that binding general counsel's opinion, then that would have been entitled to Chevron deference, and they would have been immune from liability under aegis. They don't have to do all those things, and nor can we review the steps that they undertake as a factual matter to make that determination. But what you can do is to find that as a matter of law, that the proposition that a first impression, an issue of first impression decided by the administrative body, in this case, the board, is not substantial justification unless there's something more. It may be a reasonable position, but a reasonable position is not substantial justification. Something more is required than simply a reasonable position. Why? On a case of first impression, a case that no ought to interpret a statute, why isn't that a substantial justification for the government to proceed? Because it harmed the attorney in this case. It harmed the citizen that was required to take that decision that may have been reasonable. It's a matter of policy for you to take up with the legislature, not us. As long as both arguments are reasonable, how is that not a substantial justification? Because the Congress, when they reenacted the aegis statute, said that reasonableness wasn't enough. There needed to be something more than simply reasonable. Taking a reasonable position doesn't immunize the government from making a decision that forces a citizen to have to go to court and incur attorney fees. Mr. Snyder had to go to court to get the remaining 90% of his attorney fees. It took years for him to litigate that. When he litigates it and finally prevails at this court, he goes back to the veterans court and says, no, their position was reasonable. Reasonable is not enough. Substantial justification requires more than simply a reasonable position. Where are you getting that notion from? Because is there something in the statute that I'm missing that says substantial justification cannot be satisfied by reasonableness? I'm getting it from a legislative history that was cited in our reply brief that indicated that in the reenactment of the aegis statute, that in the discussion before Congress was the notion that substantial justification needed to mean something more than just a reasonable position. It's not in the statute. No, it's not in the statute. But by the same token, there is nothing in the statute that otherwise defines what substantial justification is. The whole point of this case is, what are the bases that are required? You're saying it can't be an issue of first impression. That's how you would like us to interpret the statute? Yes. And I see that I'm into my rebuttal time. Mr. Rabinowitz.  You're a Syracuse fan? I like your tie. Anyway, go Syracuse basketball. Go ahead. Orange and blue are their colors. I didn't mean to throw you off completely. First, as a fundamental matter, the courts have spoken and actually articulated that the reasonableness is the standard for substantial justification. The Supreme Court in Pierce has articulated that particular standard, and this court in numerous cases has said that reasonableness is the measure of substantial justification. And it can be a matter of first impression. Yes. And indeed, in multiple cases, this court has actually found that the government was substantially justified because as part of the totality of the circumstances analysis, one of the factors that the court looked to was the fact that it was a matter of first impression. And indeed, the only way that appellant gets here is by misreading the record and arguing that the sole reason that the EJ application was denied was because the underlying matter was one of first impression, thus arguing that the Veterans Court crafted a new rule, a per se rule, that the government is always substantially justified in litigating matters of first impression. This is wrong. The Veterans Court determination regarding the government's position as being substantially justified was, as is mandated by statute and case law, based on a review of the entire record and considering the totality of the circumstances, it was not a single issue determination. In reality, appellant is merely asking this court to review what it cannot, that the VA's determination that the government's position was substantially justified. Indeed. Which is a factual determination. Correct. And we have no basis to review factual determinations made by the Veterans Court or the board. Yes. Or the administration. Yes. But do you think there's a legal issue here that we should decide on to the effect that being an issue of first impression isn't necessarily a lack of substantial justification? Well, the record below demonstrates that, in fact, and as appellant quoted, that this was not a case where the board's determination and the Court of Appeals for Veterans Affairs was based on that single factor. You want us to dismiss or affirm? We would like to be dismissed for a lack of jurisdiction. And in fact, even according to appellant's understanding of the single factor test, that is the single, the matter of first impression, appellant concedes that there's still facts at issue, that they have to look whether or not there was a VA general counsel opinion or other facts. So even his reading of the record below, he ultimately concedes that this is a mix of fact as well as law. And because this court has said on numerous occasions that the substantial justification is a quintessential factual question, that this court doesn't have jurisdiction to review those. But if the lower court had, in fact, said substantial justification is always present on a case of first impression, you would agree that that isn't just a factual issue, wouldn't you? That raises a legal issue that we ought to actually decide rather than dismiss for lack of jurisdiction. If it was a pure fact, excuse me, if it was a pure legal issue, that is that they determine from a legal perspective. The test for substantial justification. Then indeed, this court does have jurisdiction to review those pure legal questions. Because that's what I understand for the most part Mr. Carpenter's argument to be. And you're disagreeing and saying, but the board didn't hold it was basis decision on a case of first impression. It basis decision on a case of first impression plus reasonable position plus consistent application, right? So you've got three things that you say the board based it on. Yes. Now, if I were to say that based on legislative history, as Mr. Carpenter argued, that reasonableness plus first impression as a legal test is not adequate, then still we have to decide the case. It's not a dismiss for lack of jurisdiction. Well, first of all, that particular issue was already raised 10 years ago by Mr. Carpenter. And this court rejected that understanding and that application of the legislative history. In Carpenter v. Gober, this court rejected that very argument. The very argument that appellant only makes in his reply brief, that somehow that the legislative history of EJIA somehow doesn't comport with the 7292 regulations that govern the Court of Veterans Affairs. And this court's jurisdiction over appeals from that particular court. And this court has already dealt with that issue. And indeed, although that was an EJIA case, that this court did have jurisdiction in that particular instance to review the pure legal question as to what the review of this court is of EJIA applications and what substantial justification means in the veterans context. I noticed another argument in Mr. Carpenter's reply brief, which I'd ask you to respond to. That's the notion that EJIA determinations made in veterans cases aren't found by 7292, but rather by the abuse of discretion standard. That is the Carpenter v. Gober case that was decided in 2001 that the court re-ejected the notion that EJIA isn't governed by 7292. Mr. Carpenter was actually counsel in that particular case. And the court squarely rejected that particular argument. The court held that as numerous cases subsequent to that, including the case that appellant cites White v. Nicholson as somehow disturbing that ruling, which I don't understand how any fair reading of that case does, that EJIA applications from the veterans courts are subject to 7292. And in fact, this court cannot review those factual determinations with regard to whether or not the government's position in any particular case was substantially justified. But of course, they- Because this is the EJIA doesn't give us special license to expand our jurisdiction beyond the confines of what 7292 limit us to. Correct. Even though we review EJIA cases in lots of other areas, like MSPB and other areas, which we see with frequency, and we review them for abuse of discretion, we nonetheless here have to review it differently. Correct. And that's because of the statutory limitations on this court's jurisdiction. White does say abuse of discretion in a footnote on page three. White is- What do you want to do with that? White appears to be dealing with the- White appears to be reviewing a pure legal question that is- You would review that for abuse of discretion? No. That doesn't make sense? It's- I am unsure of how- You're saying you don't know what I should do with that footnote? Yes. All right. I'm unclear. But this court has articulated, even subsequent to White, that EJIA applications from the Court of Veterans Affairs are subject to- I'm interpreting you also to say, and tell me if this is right, that that footnote, to the extent that it attempts to change the earlier case, the earlier case governs. Yes. Yes. Footnotes are dictatorial anyway, I think. As a- is there per se rule? I think we should say that. Maybe. Yes. Let me ask you a question, though, with regard to the reply brief. The reply brief goes into the House reports of the legislative history. Is the statute unclear as to what it means? Why bother with legislative history if the statute is clear? Well, the statute, with regard to EJIA, the EJIA statute doesn't specifically address the Veterans Administration application. And the statute does say, though, that the government has to be substantially justified. That particular test for substantial justification, if that's your Honor's question, as to whether or not substantial justification is clear in the statute, I would argue that, in fact, substantial justification as a reasonableness standard is. And that there is no need to resort to the legislative history. And, in fact, it's- that EJIA is governed by reasonableness. And- That's Supreme Court law. Yes. The Supreme Court has decided that. Correct. And it appears- It would change that particular position. So if the reasonableness test is imposed by the Supreme Court, the statute, as far as courts are concerned, has already been interpreted. And it's clear. Yes. You don't need to resort to legislative history. Correct. I think, as a matter of constitutional law, the Supreme Court trumps legislative history. And, indeed, that is why the test has remained as one of reasonableness. And there is nothing more required but for the government to demonstrate that its position was reasonable. And then once it demonstrates, in the case of veterans' cases, that its position was reasonable, then this court doesn't have the jurisdiction to review those quintessential factual questions. And, thus, this appeal should be dismissed for lack of jurisdiction. Unless there are any- Thank you, Mr. Reynolds. Thank you. Mr. Taffender has a few minutes left. Your Honor, if you read the board's decision in the record, the board's decision in the record deals only with questions of law. It deals with the application of two specific statutes and several specific regulations. Those regulations were ultimately interpreted by the Veterans Court. The Veterans Court concluded that that was an issue of first impression. It seems to me that that has to be a legal question. They decided that it was a question of first impression. In the paragraph that we- They also decided it was a reasonable position. You agreed to that when you were standing up here on oral argument earlier. The Secretary's position was in litigation. What we are challenging is the government's position at the administrative level, the board's decision itself. What the government has just stood up and argued to this court is, is that the board gets a free pass because they made a reasonable interpretation when there was no basis for that interpretation. They said, after discussing- That's a question of whether it's a reasonable interpretation or not, which we can't get into because that is clearly factual. I'm not asking you to do that. I'm asking you to reverse the decision below that said, and they cited to the Bates case that said, that first impression is a basis for substantial justification. That's what they relied upon. That's what they decided in Bates, that if there is an issue of first impression that is presented to the board, no matter what the board's justification was for taking that position, they get a free pass because that is an issue of first impression. That, I believe, is a legal determination, which is subject to review by this court under 7292, and therefore should be addressed by this court. You don't disagree that it's one factor which can be decided? Absolutely not. Of course, it is a factor that can be, but there must be something more. Why isn't there something more than reasonableness? Maybe I'm just totally missing the ball. Because the reasonableness simply repeats what they did. They looked at it and concluded that it was clear. That's all they said. They really didn't take a reasonable position. They just said, as you look at all of these, it is clear. That's their conclusion. It's not reasonable, and that's fact. I can't reach that. If I accept the board's fact finding that the position they took was reasonable and one of first impression, why isn't that combination enough? I believe that overreads what they decided on the question presented as to the administrative position. The problem here is that we have to look at both the litigation position, at which I believe the government is perfectly entitled to take that litigation position and be immunized from liability under Egypt. Where I have a problem is when appellants, including attorneys, go before the board, and there is a question of first impression decided, and then there is immunity under Egypt. That gives the government a free chance to force litigants to have to go to court to litigate the question. Mr. Snyder lost- Only when there's a reasonable view on both sides. If the government came forward and said, this is a case of first impression and presented an unreasonable position on how it ought to be interpreted, then clearly you would be in the right. And that works, Your Honor, for the position taken before the Veterans Court. That does not work for the position taken before the board. There is nothing that indicates in there that they were basing this on any previously held determination, that they had consistently done it, or that this was their reasonable conclusion for why this was the case. They simply summarily concluded that it was clear. That's all they said. And then the government had to defend that position when it got to court. I see that I'm out of time. Thank you very much for your time. Thank you, Mr. Carpenter. The case will be taken under advisement.